**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NANCY DENARDI,

        Plaintiff,

-against-

DRA IMAGING, P.C. and IMAGING SUPPORT
SERVICES, LLC,

        Defendants.
------------------------------------------------------------------- x

**ANSWER**

07 CIV 5794 (MGC)

ECF Action

    Defendants DRA Imaging, P.C. and Imaging Support Services, LLC (collectively "Defendants"), by their attorneys, Keane & Beane, P.C., as and for their Answer to the Complaint, filed June 19, 2007, respectfully allege as follows:

    1.    Paragraph "1" of the Complaint contains only legal conclusions and, thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "1" of the Complaint, Defendants deny the allegations therein. In addition, Defendants respectfully refer the Court to 28 U.S.C. §§ 1331 and 1367, Title I of the Americans with Disabilities Act of 1990 and the New York State Human Rights Law for a full and proper recitation and interpretation of the law contained therein.

    2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit Defendants have their principal places of business within the Southern District of New York.

    3.    Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations set forth in paragraph "3" of the Complaint, except admit Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit Plaintiff was employed by Defendant Imaging Support Services, LLC ("ISS") from September 7, 1999 to May 8, 2006.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit Defendant DRA Imaging, P.C. ("DRA") is a corporation duly organized and existing under the laws of the State of New York and ISS is a limited liability company duly organized and existing under the laws of the State of New York.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit Plaintiff commenced her employment with ISS on September 7, 1999.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit Plaintiff was employed by ISS from September 7, 1999 to May 8, 2006.

8. Deny the allegations set forth in paragraphs "8" and "9" of the Complaint.

9. Deny the allegations set forth in the unnumbered paragraph on page three (3) of the Complaint that Defendants have designated paragraph "10" in Exhibit "A" hereto.

10. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations set forth in the unnumbered paragraphs on page three (3) of the Complaint that Defendants have designated paragraphs "11" and "12" in Exhibit "A" hereto.

11. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations set forth in paragraph "13" of the Complaint, except admit Plaintiff returned to work on December 5, 2005.

12. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations set forth in paragraph "14" of the Complaint.

13. Deny the allegations set forth in paragraphs "15", "16", "17", "18" and "19" of the Complaint.

14. Deny the allegations set forth in paragraph "20" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations concerning Plaintiff's feelings.

15. Deny the allegations set forth in paragraphs "21" and "22" of the Complaint.

16. Deny the allegations set forth in paragraph "23" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations concerning what Plaintiff knew.

17. Deny the allegations set forth in paragraph "24", except admit Heather DeNardi was a part-time employee of ISS.

18. Deny the allegations set forth in paragraphs "25", "26", "27" and "28" of the Complaint.

19. Deny the allegations set forth in paragraph "29" of the Complaint, except admit, on May 5, 2006, Ms. Virginia Barkanyi asked Plaintiff if she knew the whereabouts of her daughter, Heather DeNardi.

20. Deny the allegations set forth in paragraph "30" of the Complaint.

21. Deny the allegations set forth in paragraphs "31" and "32" of the Complaint, except admit ISS terminated its employment of Heather DeNardi on May 5, 2006 and its employment of Plaintiff on May 8, 2006.

22. Deny the allegations set forth in paragraphs "33", "34" and "35" of the Complaint.

23. Paragraph "36" of the Complaint contains only legal conclusions and, thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "36" of the Complaint, Defendants deny the allegations therein. In addition, Defendants respectfully refer the Court to Title I of the Americans with Disabilities Act and the New York State Human Rights Law for a full and proper recitation and interpretation of the law contained therein.

24. In response to paragraph "37" of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "23" of this Answer as if fully set forth herein.

25. To the extent, paragraph "38" of the Complaint realleges all preceding paragraphs, Defendants repeat and reallege each and every response contained in paragraphs "1" through "24" of this Answer as if fully set forth herein. In addition, Defendants deny all other allegations set forth in paragraph "38" of the Complaint.

26. Deny the allegations set forth in paragraphs "39", "40", "41" and "42" of the Complaint.

27. Paragraph "43" of the Complaint contains only legal conclusions and, thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "43" of the Complaint, Defendants deny the allegations therein. In addition, Defendants respectfully refer the Court to 42 USC § 12112(a) for a full and proper recitation and interpretation of the law contained therein.

28. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations set forth in paragraph "44" of the Complaint.

29. Paragraphs "45" and "46" of the Complaint contain only legal conclusions and, thus, no response is required. If a response is deemed required to the allegations set forth in paragraphs "45" and "46" of the Complaint, Defendants deny the allegations therein.

30. Deny the allegations set forth in paragraph "47" of the Complaint.

31. In response to paragraph "48" of the Complaint, Defendants deny that there is any basis for awarding any of the relief requested by Plaintiff therein.

32. In response to paragraph "49" of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "31" of this Answer as if fully set forth herein.

33. To the extent, paragraph "50" of the Complaint realleges all preceding paragraphs, Defendants repeat and reallege each and every response contained in paragraphs "1" through "32" of this Answer as if fully set forth herein. In addition, Defendants deny all other allegations set forth in paragraph "50" of the Complaint.

34. Deny the allegations set forth in paragraphs "51", "52", "53" and "54" of the Complaint.

35. Paragraph "55" of the Complaint contains only legal conclusions and, thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "55" of the Complaint, Defendants deny the allegations therein. In addition, Defendants respectfully refer the Court to Chapter 18, Article 15 of the New York State Executive Law § 296(1)(a) for a full and proper recitation and interpretation of the law contained therein.

36. Paragraph "56" of the Complaint contains only legal conclusions and, thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "56" of the Complaint, Defendants deny the allegations therein. In addition, Defendants respectfully refer the Court to New York State Human Rights Law § 292(21) for a full and proper recitation and interpretation of the law contained therein.

37. Deny the allegations set forth in paragraph "57" of the Complaint.

38. Paragraph "58" of the Complaint contains only legal conclusions and, thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "58" of the Complaint, Defendants deny the allegations therein. In addition, Defendants respectfully refer the Court to New York State Human Rights Law § 297(4)(c) for a full and proper recitation and interpretation of the law contained therein.

39. Deny the allegations set forth in paragraph "59" of the Complaint.

40. Deny there is a basis to find Defendants liable for any of the relief requested in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. Defendant ISS had legitimate and non-discriminatory business reasons for its actions and any employment decisions made concerning Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. Plaintiff has failed to allege facts supporting entitlement to damages or any other monetary, declaratory, injunctive or equitable relief.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. On information and belief, Plaintiff has failed to mitigate her damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred in whole or in part, by the applicable statutes of limitation and/or administration filing requirements.

46. Plaintiff's claims pursuant to the Americans With Disabilities Act are barred as to any matter as to which she has failed to exhaust her administrative remedies and/or for which no "right to sue" letter has been issued.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

47. DRA is not an "employer" within the meaning of the Americans with Disabilities Act.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

48. DRA is not an "employer" within the meaning of Chapter 18, Article 15 of the New York State Executive Law § 296, *et seq*.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

49. Even if impermissible considerations were a factor in any of the challenged employment actions, which Defendants deny, the same actions would have been taken based on lawful, non-discriminatory reasons.

50. Defendants affirmatively assert that all actions taken with respect to Plaintiff were done for legitimate business reasons and not for any discriminatory reasons.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred by the equitable doctrines of estoppel, latches, waiver and/or unclean hands.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims for compensatory and punitive damages are limited pursuant to 42 U.S.C. § 1981a(b)(3).

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

53. This Court lacks jurisdiction to decide Plaintiff's claims asserted pursuant to New York State Executive Law § 296, et seq., or, in the alternative, should abstain from asserting such jurisdiction.

**WHEREFORE**, Defendants respectfully requests judgment:

(a) dismissing Plaintiff's Complaint in its entirety;

(b) granting Defendants such other and further relief as this Court may deem just and proper including specifically, costs and disbursements of this action, and attorneys' fees incurred by Defendants in defending this action.

Dated: White Plains, New York
September 7, 2007

                                              **KEANE & BEANE, P.C.**

By: _____
Lance H. Klein (LK-8243)
Attorneys for Defendants
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
(914) 946-4777

TO: Davida S. Perry, Esq.
**SCHWARTZ & PERRY, LLP**
Attorneys for Plaintiff
295 Madison Avenue
New York, New York 10017
(212) 889-6565

*EXHIBIT A*
*to Answer*

9. During her career with DRA until her colon cancer diagnosis in October 2005, DRA would often call upon DeNardi to handle assignments of considerable significance, such as taking over Medicare, the biggest account in the company.

10. Further confirmation of DeNardi's positive job performance throughout her tenure at DRA, is described by the following comments made in her performance evaluations:

- "Nancy has grown with this position. She is liked by her co-workers and I have heard from patients that she is very helpful."

- "Nancy has a good perspective on job requirements; she can deal with stress very well."

- "Nancy produces excellent work, she is someone I can depend on to get the job done. She is receptive to suggestions and constructive criticism."

- "She is a great asset to the billing dept and a pleasure to work with."

- "Readily adapts to organizational change, is flexible in handling a variety of unfamiliar operations."

- "Treats co-workers with unfailing courtesy and professionalism."

11. In Mid-October 2005, DeNardi was diagnosed with colon cancer, and underwent surgery on October 20, 2005.

12. DeNardi was released from the hospital on October 28, 2005 after a two week stay, where she recovered from surgery for a brief period of time.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NANCY DENARDI,

        Plaintiff,

-against-

DRA IMAGING, P.C. and IMAGING SUPPORT
SERVICES, LLC,

        Defendants.
------------------------------------------------------------x

**AFFIDAVIT OF SERVICE**

07 CIV 5794 (MGC)

ECF Action

STATE OF NEW YORK    )
                                   )SS.:
COUNTY OF WESTCHESTER )

    Patricia Engels, being duly sworn, deposes and says:

    I am not a party to this action, am over 18 years of age and reside at c/o Keane & Beane, P.C., 445 Hamilton Avenue, White Plains, New York 10601.

    On the 7th day of September, 2007, I served a true copy of the annexed ANSWER in this action by mailing a true copy thereof enclosed in a post-paid wrapper, by first class mail, by depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State to the following address:

To:    Davida S. Perry, Esq.
        **SCHWARTZ & PERRY, LLP**
        Attorneys for Plaintiff
        295 Madison Avenue
        New York, New York 10017
        (212) 889-6565

                                            _/s/ Patricia Engels_
                                              PATRICIA ENGELS

Sworn to before me this
7th day of September, 2007

_/s/ Cathy Pizzonia_
Notary Public

CATHY PIZZONIA
Notary Public, State of New York
No. 01PI5053178
Qualified in Westchester County
Commission Expires 12/11/0_