**EXHIBIT M**



Slip Copy
Slip Copy, 2008 WL 4155635 (S.D.N.Y.)

Page 1

Sanders v. Ritz-Carlton Hotel Co., LLC
S.D.N.Y.,2008.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Dean W. SANDERS, Plaintiff,
v.
The RITZ-CARLTON HOTEL COMPANY, LLC d/b/a the Ritz-Carlton Golf Club & SPA, Jupiter, RBF, LLC, the Ritz-Carlton Club, the Ritz-Carlton Management Company, LLC, the Ritz-Carlton Development Company, Inc., and Marriot Resorts Hospitality Corporation, Defendants.
No. 05 Civ. 6385(PKL).

Sept. 9, 2008.

The Edelsteins, Faegenburg & Brown LLP, Paul J. Edelstein, New York, NY, for the Plaintiff.
White, Fleischner & Fino, LLP, Paul A. Fino, Jr., New York, NY, for the Defendants.

*OPINION AND ORDER*

LEISURE, District Judge.

*1 Plaintiff Dean Sanders brings this action for damages from injuries he alleges he sustained as a result of a fall at defendants' premises in Jupiter, Florida. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Plaintiff moves this Court, *in limine,* pursuant to Rule 803(4) of the Federal Rules of Evidence, to redact from plaintiff's hospital records any reference that plaintiff "tripped" rather than "slipped" when plaintiff fell and injured himself. In addition, defendants move this Court, *in limine,* pursuant to Rule 609 of the Federal Rules of Evidence, to admit plaintiff's prior convictions for tax evasion and under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). In the interest of judicial economy, the two motions are consolidated and disposed of in this Opinion and Order. For the reasons set forth below, plaintiff's motion is DENIED and defendants' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

According to the Joint Pre-Trial Order, Sanders sustained a fractured ankle and fibula when he fell in a condo unit at the Ritz-Carlton Golf Club & Spa in Jupiter, Florida. Sanders alleges that the marble floor of the unit was covered with dust or film. Sanders contends his fall was a result of defendants' negligence in failing to keep the marble floor of his unit clean and free of slippery materials. According to defendants' contentions in the Joint Pre-Trial Order, there was no dust on the unit's marble floor and, if any dust was on the floor, defendants did not cause the dust to be there, nor did defendants have notice of the dust. Rather, defendants argue that Sanders caused his own fall.

**DISCUSSION**

**I. Motions *in Limine***

A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine. See Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984). Indeed, "[t]he purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."*Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir.1996) (internal quotation marks omitted); *see also Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.,* No. 01 Civ. 3796, 2005 U.S. Dist. LEXIS 7902, at *9 (S.D.N.Y. May 2, 2005) (Leisure, J.) ("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.")."The court's ruling regarding a motion

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 4155635 (S.D.N.Y.)

Page 2

*in limine* is 'subject to change when the case unfolds.' " *Commerce Funding,* 2005 U.S. Dist. LEXIS 7902, at *11 (quoting *Luce,* 469 U.S. at 41). Accordingly, this Opinion and Order constitutes a preliminary determination subject to change.

**II. References in Medical Records**

*2 Plaintiff seeks to exclude or redact from plaintiff's hospital records various entries indicating that plaintiff "tripped" rather than "slipped" when he injured his ankle. Plaintiff contends that references to his having "tripped" are not germane to his diagnosis or treatment, and thus are inadmissible under the hearsay exception of Federal Rule of Evidence 803(4). (Pl.'s Br. 2.) FN1

> FN1. Although plaintiff's motion does not identify the hospital records that plaintiff seeks to redact, plaintiff specifies in the Joint Pre-Trial Order that he proposes to introduce into evidence as plaintiff's prospective exhibit 16 his Jupiter Medical Center Hospital Records. (PTO, Plaintiff's Exhibits.) Certain Jupiter Medical Center emergency room records are attached as Exhibit "B" to defendants' opposition brief. Because plaintiff does not dispute that Exhibit "B" to defendants' opposition brief contains the hospital records he seeks to redact, the Court will review those records in consideration of plaintiff's request.

"Medical records[ ] ... can be admissible under Federal Rule of Evidence 803(6), provided they are prepared in the regular course of business, near the time of occurrence, by a person with knowledge and are properly authenticated."*Hodges v. Keane,* 886 F.Supp. 352, 356 (S.D.N.Y.1995) (citing *Romano v. Howarth,* 998 F.2d 101, 108 (2d Cir.1993)); *see Pace v. Nat'l R.R. Passenger Corp.,* 291 F.Supp.2d 93, 102 (D.Conn.2003) ("Medical reports can be admissible as business records.")."Moreover, statements made to medical and mental health professionals and recorded for purposes of diagnosis and treatment are also admissible under Federal Rule of Evidence 803(4)."*Hodges,* 886 F.Supp. at 356;*see*Fed.R.Evid. 803(4) (excepting from the hearsay rule "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."). Statements that relate to the cause of an injury are admissible hearsay if "reasonably pertinent to a physician in providing treatment."*Cook v. Hoppin,* 783 F.2d 684, 690 (7th Cir.1986); *see King v. Brandtjen & Kluge, Inc.,* No. 94 Civ. 411C (M), 2001 WL 1804345, at *9 (W.D.N.Y. June 20, 2001) (noting that plaintiff's statement to treating doctor that she injured her hand in a printing press at work was admissible hearsay under Federal Rule of Evidence 803(4) because such statement was made for the purpose of securing medical diagnosis or treatment).

At the outset, the Court notes that Sanders does not dispute that the hospital records were made in the regular course of business, contemporaneous with the incident, by Sanders's treating physicians in the emergency room. Plaintiff will need to establish a sufficient foundation at trial through "the testimony of the custodian or other qualified witness" in order to satisfy the requirement of Rule 803(6) of the Federal Rules of Evidence for admission of the Jupiter Medical Center emergency room records into evidence. Fed.R.Evid. 803(6). Presuming such foundation is established, the hospital records may be admissible under the business records exception to the hearsay rule.

The Court finds that references in Sanders's hospital records indicating he "tripped" and injured his ankle are statements describing the "general character of the cause" of Sanders's injuries, made for purposes of assisting the emergency room doctors in properly treating Sanders, and thus are admissible under Federal Rule of Evidence 803(4). It was logical for Sanders's treating physicians at the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2008 WL 4155635 (S.D.N.Y.)

Page 3

Jupiter Medical Center emergency room to inquire as to how Sanders received his injuries, and such information was medically relevant to Sanders's treatment and diagnosis. Thus, references in the hospital records citing Sanders's having "tripped" or "slipped" as the general cause of the injuries to his ankle are consistent with the purpose of promoting treatment, and are the type of information that a physician diagnosing and treating Sanders's injuries would reasonably request and rely upon. Sanders has offered no argument or evidence showing that references to Sanders having "tripped" were provided for any purpose other than to assist with Sanders's diagnosis and treatment, nor does Sanders dispute that he told his treating physicians that his trip and fall was the cause of his injuries. Nonetheless, Sanders may address the accuracy of such statements during trial. Accordingly, references in the Jupiter Medical Center records to Sanders having "tripped" are admissible hearsay. For these reasons, plaintiff's request to exclude or redact such references is denied.

### III. Prior Criminal Convictions

*3 Defendants seek to admit plaintiff's prior criminal convictions for impeachment purposes under Federal Rule of Evidence 609(a)(2). Specifically, defendants argue that Sanders's 1987 conviction for tax evasion and 1996 RICO conviction involved crimes of "dishonesty or false statement" under Rule 609(a)(2) and must therefore be admitted. As explained below, plaintiff's prior criminal convictions are admissible for impeachment purposes. However, to the extent defendants also seek to admit the facts and circumstances surrounding those convictions, such request is denied.

A. *Impeachment Under Federal Rule of Evidence 609*

Federal Rule of Evidence 609 governs the admissibility of prior convictions for impeachment purposes. The Rule provides that evidence of a prior conviction is admissible if the crime was punishable by death or imprisonment in excess of one year and the probative value of the evidence outweighs its prejudicial effect. Fed.R.Evid. 609(a)(1). If the elements of the crime required "proof or admission of an act of dishonesty or false statement by the witness," evidence of the conviction is admissible regardless of the punishment.Fed.R.Evid. 609(a)(2).

The Conference Report on the Federal Rules explains that the terms "dishonesty or false statement" in Rule 609(a)(2) are descriptive of convictions "peculiarly probative of credibility," such as those for "perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi the commission of which involves some element of dec[e]it, untruthfulness, or falsification bearing on [a witness's] propensity to testify truthfully."H.R.Rep. No. 93-1597, at 9 (1974) (Conf.Rep.), *reprinted in* 1974 U.S.C.C.A.N. 7098, 7103.

Here, both convictions at issue, the 1987 conviction for tax evasion and the 1996 RICO conviction, are *crimen falsi* under Rule 609(a)(2). In the earlier of the two crimes, Sanders was convicted of conspiracy to defraud the Internal Revenue Service, income tax evasion, and false statements. (Defs.' Br. 5, Ex. E at 1 .) This conviction was based upon plaintiff's misleading and providing false statements to the government, thus constituting a conviction involving "dishonesty or false statement," as required by Rule 609(a)(2).*See United States v. Yang,* 887 F.Supp. 95, 96 (S.D.N.Y.1995) (holding that prior convictions for failing to file tax returns were admissible under Rule 609(a)(2)); *United States v. Klein,* 438 F.Supp. 485, 487 (S.D.N.Y.1977) (holding that conviction for failing to file federal tax return bears on credibility and is admissible under Rule 609(a)(2)). With respect to the later conviction, Sanders pleaded guilty to two counts of racketeering, including participation in a RICO enterprise. (Defs.' Br. Ex. H at 1.) As explained in the indictment,[FN2] the enterprise involved a variety of fraudulent schemes, including

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

submitting fraudulent applications to the Insurance Department of the State of New York, issuing fraudulent insurance documents to insured parties, and submitting fraudulent accident claims to insurance companies. (Defs.' Br. Ex. G at 5.) Thus, Sanders's RICO conviction satisfies the requirements of Rule 609(a)(2).

> FN2. As the Advisory Committee Notes to the 2000 amendments make clear, a court may refer to an indictment to ascertain whether the crime falls within Rule 609(a)(2). Fed.R.Evid. 609 Advisory Committee Note (2006) ("Where the deceitful nature of the crime is not apparent from the statute and the face of the judgment-as, for example, where the conviction simply records a finding of guilt for a statutory offense that does not reference deceit expressly-a proponent may offer information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted.").

*4 When, as here, the underlying criminal acts involve dishonesty or false statement, the convictions are automatically admissible under Rule 609(a)(2).FN3 *See, e.g., Carofino v. Forester,* No. 03 Civ. 6258, 2008 U.S. Dist. LEXIS 30609, at *7-8 (S.D.N.Y. April 7, 2008) (holding that fraud conviction is automatically admissible under Rule 609(a)(2)). In fact, the Court has no discretion to exclude convictions involving false statements because such convictions are inherently more probative than prejudicial as to the witness's capacity for truthfulness. *See, e.g., United States v. Hayes,* 553 F.2d 824, 827 (2d Cir.1997) ("[E]vidence of conviction of a certain type of crime-one involving 'dishonesty or false statement'-must be admitted, with the trial court having no discretion, regardless of the seriousness of the offense or its prejudice to the defendant."); *Commerce Funding,* 2005 U.S. Dist. LEXIS 7902, at *25-27 (holding criminal acts involving false statements or dishonesty are not subject to Rule 403 balancing); *Stone v. C.R. Bard, Inc.,* No. 02 Civ. 3433, 2003 U.S. Dist. LEXIS 22035, at *4 (S.D.N.Y. Dec. 8, 2003) ("[W]hile convictions under Rule 609(a)(1) require a court to engage in a Rule 403 balancing inquiry, subpart (a)(2) 'bars the exercise of judicial discretion pursuant to Rule 4 03.'"); *Jones v. New York City Health & Hosp. Corp.,* No. 00 Civ. 7002, 2003 U.S. Dist. LEXIS 9183, at *3 (S.D.N.Y. June 3, 2003) ("The use of the word 'shall' [in Rule 609(a)(2) ] suggests that a district court has no discretion when the crime involved dishonesty or false state- ment.")).

> FN3. While convictions that fall within the parameters of Rule 609(a)(2) are admissible without further inquiry into the probative value of the crime, the use of the evidence is subject to Rule 609(b), discussed *infra.*

B. *Timeliness Under Rule 609(b)*

Having decided that plaintiff's convictions are false statement crimes, the Court must also address the timeliness of both convictions before either will be admitted under Rule 609. Rule 609(b) bars the use of a conviction more than ten years old to attack a witness's credibility unless "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."Fed.R.Evid. 609(b). The ten-year limitation is measured from the later of the date of conviction or the date of release. *Id.*

In 1996, Sanders pleaded guilty to, and received a felony conviction for, violating federal RICO statutes. (Defs.' Br. 7.) He served a 51 month prison sentence, from which he was released in December 2000. (*Id.*) Because his release falls within the ten-year limitation, Rule 609(b) does not bar the admission of the RICO conviction, and defendants may introduce this conviction to impeach plaintiff's

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 4155635 (S.D.N.Y.)

Page 5

credibility.

For the tax conviction, Sanders was sentenced to eighteen months in prison and ordered to pay a fifty-thousand dollar ($50,000) fine. (Defs.' Br. 5.) Both the conviction in 1987 and Sanders's release from prison occurred more than ten years ago. Therefore, the tax conviction may only be admitted if the Court finds that the probative value of the conviction substantially outweighs the prejudicial effect.

*5 The Court recognizes that convictions over ten years old should only be admitted in rare circumstances, but finds that defendants have demonstrated that the specific facts and circumstances of this case warrant admission of the 1987 tax conviction. *See Zinman v. Black & Decker, Inc.,* 983 F.2d 431, 434 (2d Cir.1993) (citing Senate Report that convictions over ten years old should only be admitted "very rarely and only in exceptional circumstances" but affirming admission of old conviction where conviction bore heavily on credibility). In this case, the jury will be asked to assess Sanders's credibility in determining whether dust on the floor caused his injuries, and whether Sanders reported this dusty condition to defendants, thereby placing them on notice. (Defs.' Br. 3.) The jury must resolve both issues to reach its ultimate determination; these issues are therefore central to the case. Moreover, the impeachment value of the tax conviction is high because Sanders was specifically convicted of making false and fraudulent statements to the government, which bears on Sanders's credibility as a witness.

Courts have admitted old convictions into evidence when the conviction is in the nature of *crimen falsi* and the credibility of the witness is of great import to the issues of the case. For example, in *United States v. Gilbert,* the Second Circuit affirmed Judge Haight's decision to admit a conviction for mail fraud, even though the conviction was more than ten years old, because Judge Haight found that the credibility of the witness would be crucial, the impeachment value of the fraud conviction was high,

the two crimes were not so similar as to invite improper inferences, and the age of the prior conviction did not suggest that the witness had abandoned his earlier ways. 668 F.2d 94, 97 (2d Cir.1981); *see also United States v. Payton,* 159 F.3d 49, 57-58 (2d Cir.1998) (affirming use of prior conviction for impeachment where the witness was to testify on a crucial issue in the case).

This analysis is equally applicable in civil cases. In *Zinman,* the plaintiff was previously convicted of Medicare fraud, including making false statements to a government agency. *Zinman,* 983 F.2d at 433. The court determined that making false statements to a government agency is akin to perjury and therefore bore heavily on Zinman's credibility. *Id.* at 434. The court further held that Zinman's credibility was highly relevant to several disputed issues in the case, including whether Zinman's injuries made it impossible for him to continue in his profession, whether Zinman discontinued his work solely because of his injuries, and whether Zinman would have continued to work until age 70 but for his injuries. *Id.* The Second Circuit affirmed the conclusion that any prejudice was substantially outweighed by the probative value of the evidence and held that the conviction was properly admitted.

Like in *Gilbert* and *Zinman,* Sanders's conviction is in the nature of *crimen falsi,* and the credibility of his testimony will play a central role in this trial. Thus, this Court finds that the 1987 conviction is admissible for impeachment purposes.[FN4]

> FN4. Rule 609(b) also requires that a party seeking to introduce a conviction older than ten years must provide sufficient notice that such evidence will be used at trial. Plaintiff did not contest the adequacy of the notice in his opposition papers. Nonetheless, this Court finds that by raising the admissibility of the 1987 conviction well before the start of the trial, plaintiff had sufficient notice of defendants' intention to use the 1987 conviction for impeachment purposes.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 4155635 (S.D.N.Y.)

C. *Details of Offenses*

**\*6** While this Court finds that Sanders's 1987 and 1996 convictions are admissible for impeachment purposes, it does not automatically follow that the facts underlying the convictions are also admissible. The presumption under Rule 609(a)(2) is that the term "evidence," as used in the Rule, encompasses the essential facts of the conviction, including the statutory name of each offense, the date of conviction, and the sentence imposed. *United States v. Estrada,* 430 F.3d 606, 615 (2d Cir.2005); Weinstein's Federal Evidence § 609.20 ("When a prior conviction is admissible for impeachment, the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence."). The Court finds no reason to expand the admissible evidence beyond those essential facts. *See Carofino,* 2008 U.S. Dist. LEXIS 30609, at \*8-9 (limiting impeachment evidence to the statutory name of the offense, the fact that the witness pleaded guilty, the date of the conviction, and the sentence imposed); *Martin v. Nat'l R.R. Passenger Corp.,* 97 Civ. 8381, 1998 U.S. Dist. LEXIS 13979, at \*16 (S.D.N.Y. Sept. 9, 1998) (limiting evidence of criminal impersonation convictions to the crime, the court, the sentence, and the date of conviction).

In response to plaintiff's opposition brief, defendants contend that the facts and circumstances surrounding the convictions are also admissible. (Defs.' Reply Br. 3-4.) While it is not clear that defendants' motion seeks to admit the evidence pursuant to Federal Rule of Evidence 404(b), the Court considered the arguments raised in the briefs in connection with Rule 404(b). In particular, defendants argue that the past convictions are evidence of a common plan or scheme to defraud. (Defs.' Reply Br. 3.) Defendants assert that, like the tax evasion convicion and insurance fraud scheme that resulted in a RICO conviction, Sanders is "concocting a scenario of liability against the defendants so that he may collect money from them to which he is not justly entitled."(*Id.*) At this point in time, the Court is not persuaded that the evidence is more probative than prejudicial based upon the arguments set forth in the briefs. To the extent defendants intend to use additional facts surrounding the prior convictions, including reliance upon plaintiff's use of aliases, based upon Federal Rule of Evidence 404(b) or on any other basis, defendants may raise those arguments before cross-examination of Sanders. Accordingly, the facts underlying the 1987 and 1996 convictions are inadmissible under Federal Rule of Evidence 609.

**CONCLUSION**

The foregoing hereby constitutes the decisions of the Court on all currently pending motions *in limine* in this action. The parties are to appear for trial on September 15, 2008 at 9:30 a.m.

**SO ORDERED.**

S.D.N.Y.,2008.
Sanders v. Ritz-Carlton Hotel Co., LLC
Slip Copy, 2008 WL 4155635 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.