UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

NANCY DENARDI,

               Plaintiff,

          -against-

DRA IMAGING, P.C. and IMAGING SUPPORT
SERVICES, LLC,

               Defendants.

---------------------------------------------------------------- x

07 CIV. 5794 (MGC)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION *IN LIMINE*

KEANE & BEANE, P.C.
Attorneys for Defendants
445 HAMILTON AVENUE, 15TH FLOOR
WHITE PLAINS, NEW YORK 10601
(914) 946-4777

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ........................................................................1

II.     STATEMENT OF FACTS ...............................................................................3

III.    ARGUMENT ...................................................................................................6

        POINT I
        STANDARD OF REVIEW ...............................................................................6

        POINT II
        PRECLUSION WARRANTED OF CERTAIN
        PRETEXT EVIDENCE ....................................................................................7

        A.      Preclusion Warranted of Evidence That Any
                Billing Department Employee Made Racist
                or Anti-Semitic Comments ....................................................................8

        B.      Preclusion Warranted of Evidence That
                Any Billing Department Employee Was
                Counseled or Disciplined Due to Poor
                Performance ........................................................................................10

IV.     CONCLUSION ...............................................................................................11

# TABLE OF AUTHORITIES

## Cases

*Baldyga v. City of New Britain*,
   554 F.Supp.2d 268 (D.Conn. 2008) ............................................................................7, 8

*Dodson v. CBS Broadcasting Inc.*,
   423 F.Supp.2d 331 (S.D.N.Y. 2006) ...............................................................................7

*Luce v. United States*,
   469 U.S. 38, 105 S.Ct. 460 (1984) ..................................................................................6

*Norville v. Staten Island Univ. Hosp.*,
   196 F.3d 89 (2d Cir. 1999) ..............................................................................................8

*Palmieri v. Defaria*,
   88 F.3d 136, 141 (2d Cir. 1996) ......................................................................................6

*Sanders v. Ritz-Carlton Hotel Co., LLC*,
   2008 WL 4155635 (S.D.N.Y. Sept. 9, 2008) ..................................................................6

## Statutes

Fed. R. Evid. 401 ...................................................................................................................1, 6

Fed. R. Evid. 402 ...............................................................................................................1, 6, 11

Fed. R. Evid. 403 ...............................................................................................................1, 7, 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

NANCY DENARDI,

        Plaintiff,

        -against-

DRA IMAGING, P.C. and IMAGING SUPPORT
SERVICES, LLC,

        Defendants.

----------------------------------------------------------------------- x

07 CIV. 5794 (MGC)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*

### I.    PRELIMINARY STATEMENT

Defendants DRA Imaging P.C. ("DRA") and Imaging Support Services, LLC ("ISS") (collectively, the "Defendants"), submit this Memorandum of Law in support of their motion for an Order, pursuant to Rules 402 and 403 of the Federal Rules of Evidence, precluding submission of testimony and documentary evidence concerning anti-Semitic and/or racist comments purportedly made by any employee(s) of the Billing Department as well as testimony and documentary evidence concerning counseling of or disciplinary action taken with regard to employees of the Billing Department, who exhibited performance deficiencies.

Plaintiff Nancy DeNardi ("Plaintiff") is a former employee of ISS.  Plaintiff was employed by ISS from on or about September 7, 1999 to May 8, 2006 in its Billing Department. In this action, Plaintiff claims she was demoted and then terminated as a result of her employer perceiving her to be disabled.  Defendants deny that Plaintiff was demoted and assert she was fired because she, a supervisor in the Billing Department, clocked out her daughter (a part-time employee of ISS in the Billing Department) sometime after her daughter left the offices of ISS

on May 5, 2008 and then lied to her direct supervisor, Ms. Virginia Barkanyi, about clocking out her daughter.

In an effort to establish that these legitimate, non-discriminatory business reasons are a pretext for terminating Plaintiff, Defendants believe Plaintiff intends to offer evidence that an individual(s) employed in the Billing Department of ISS, who made racist and anti-Semitic comments, was not fired for making those comments. Similarly, for the same purpose, Defendants believe Plaintiff intends to offer evidence that two (2) individuals employed in the Billing Department, who had deficiencies in the performance of their assigned work, were counseled prior to being terminated and/or leaving ISS. When offering more favorable treatment of other employees as evidence of pretext, Plaintiff must show she is subject to the same standard of performance and discipline as those employees and that those employees engaged in conduct comparable to Plaintiff. Plaintiff cannot make this requisite showing.

There are no allegations in this case that Plaintiff has ever used inappropriate language or behavior in the workplace or that she was ever formally counseled concerning her work performance. Rather, Plaintiff, a supervisor in the Billing Department, violated her employer's policy concerning use of the computerized time clock software – she clocked out her daughter – and then lied to her supervisor, the Director of Billing, about having done so. Thus, the conduct of these other employees is not comparable to Plaintiff's conduct. As a result, their conduct is not relevant to this action. Even if relevance is found, the probative value of the conduct of these other Billing Department employees is outweighed by the possible unfair prejudice to Defendants; the waste of the Court's time for mini trials concerning the conduct of the other employees and the actions, if any, taken in response to their conduct; and confusing the simple

issue in this case – whether Plaintiff was terminated because she was regarded by Defendants as being disabled.

Thus, Defendants respectfully assert they are entitled to an Order precluding the admission of any testimony or documents concerning (1) anti-Semitic and/or racist comments purportedly made by any employee(s) of the Billing Department and (2) any counseling provided to or disciplinary action taken with regard to employees of the Billing Department, who had deficiencies in the performance of their job functions.

## II.    STATEMENT OF FACTS

In September 1999, Plaintiff was hired by ISS to work in its Billing Department as an insurance representative. (Plaintiff Tr. [Burns Dec. Exh. D],[1] p. 12: 14-17, pp. 19:9 – 21:8). During her employment by ISS, Plaintiff advanced from insurance representative to insurance representative lead to Billing Department lead. (Plaintiff Tr. [Burns Dec. Exh. D], p. 28:2-6, p. 53:4-11; Newton Tr. [Burns Dec. Exh. F],[2] p. 40:16-24).

In or about September 2002, ISS implemented a computer based time clock system. (Chiseri Aff. [Burns Dec. Exh. L],[3] ¶ 26). ISS employees were required to clock in and out of work by entering an individualized code into a computer program. (*Id.*; Plaintiff Tr. [Burns Dec.

---

[1] "Plaintiff Tr." cites to the transcript of the deposition of Plaintiff commenced on March 20, 2008 and continued on April 22, 2008. Relevant excerpts from Plaintiff's deposition transcript are annexed to the accompanying Declaration of Stephanie L. Burns, Esq., dated September 17, 2008 ("Burns Declaration"), in Exhibit "D".

[2] "Newton Tr." cites to the transcript of the deposition of Mark Newton held on June 20, 2008. Relevant excerpts from the transcript of Mr. Newton's deposition are annexed to the accompanying Burns Declaration in Exhibit "F".

[3] "Chiseri Aff." cites to the Affidavit of Joseph Chiseri, duly sworn to on September 10, 2008, which was submitted to the Court as part of Defendants' summary judgment motion. The text of the Affidavit of Mr. Chiseri, together with any exhibits thereto that are relevant to this motion, are annexed to the accompanying Burns Declaration in Exhibit "L".

Exh. D], p. 382:8-21; H. DeNardi Tr. [Burns Dec. Exh. G],[4] p. 32:15-22). ISS employees were instructed to keep these codes confidential and to only clock themselves in and out. (Chiseri Aff. [Burns Dec. Exh. L], ¶ 26). In fact, in 2003, Plaintiff signed a Security and Confidentiality Agreement in which she explicitly agreed not to "log on to any of the Company's computer systems that currently exist or may exist in the future using a password other than her own." (Chiseri Aff. [Burns Dec. Exh. L], ¶ 27, Exh. H).

In or about June 2004, Virginia Barkanyi became the Director of the Billing Department. (Plaintiff Tr. [Burns Dec. Exh. D], p. 53:7-11; Chiseri Aff. [Burns Dec. Exh. L], ¶ 18). In or about September 2004, Plaintiff's daughter, Heather DeNardi, became a part-time employee of ISS in its Billing Department. (H. DeNardi Tr. [Burns Dec. Exh. G], p. 16:18-19; Barkanyi Tr. [Burns Dec. Exh. E],[5] pp. 121:9 – 123:14; Chiseri Aff. [Burns Dec. Exh. L], ¶ 24).

In June 2005, Carolyn Huyler, an employee of the Billing Department, was issued a written final notification that, if certain performance issues were not corrected, she would be terminated. (Burns Dec., Exh. K).

In October 2005, Plaintiff was diagnosed with colon cancer. (Compl. ¶ 9).[6] In connection with that diagnosis, Plaintiff was hospitalized and underwent surgery. (Compl. p. 3). As a result, Plaintiff was out of work from on or about October 8, 2005 through December 4, 2005. (Plaintiff Tr. [Burns Dec. Exh. D], p. 67:20-21; Barkanyi Tr. [Burns Dec. Exh. E], p. 152:9-15; Burns Dec. ¶ 3, Exh. B).

---

[4] "H. DeNardi Tr." cites to the transcript of the deposition of Heather DeNardi taken on July 18, 2008. Relevant excerpts from this transcript are annexed to the accompanying Burns Declaration in Exhibit "G".

[5] "Barkanyi Tr." cites to the transcript of the deposition of Virginia Barkanyi commenced on June 17, 2008 and continued on July 18, 2008. Relevant excerpts from the transcript of Ms. Barkanyi's deposition are annexed to the accompanying Burns Declaration as Exhibit "E".

[6] "Compl." cites to the Complaint in this action, which is annexed to the accompanying Burns Declaration as Exhibit "A".

-4-

Plaintiff returned to work on December 5, 2005 without any medical restrictions and attended chemotherapy sessions every other week. (Compl. ¶ 13). Sometime after her return, the Director of the Billing Department of ISS, Ms. Barkanyi, asked Plaintiff if she was willing to take over operating the Cerner Interface. (Plaintiff Tr. [Burns Dec. Exh. D], pp. 234:20 - 235:3; Barkanyi Tr. [Burns Dec. Exh. E], pp. 193:9 - 195:19). This was and is a critical job assignment within the Billing Department, because the services performed by DRA cannot be billed unless and until they pass through the Cerner Interface. (Plaintiff Tr. [Burns Dec. Exh. D], p. 373:21-24; Newton Tr. [Burns Dec. Exh. F], p. 85: 4-22; Barkanyi Tr. [Burns Dec. Exh. E], p.193:3-19; Chiseri Aff. [Burns Dec. Exh. L], ¶ 31). Plaintiff agreed to take over operating the Cerner Interface. (Plaintiff Tr. [Burns Dec. Exh. D], p. 235:12-20; Barkanyi Tr. [Burns Dec. Exh. E], pp. 193:9 - 195:19, pp. 196:25 -197:12).

On May 5, 2006, Plaintiff's daughter, Heather DeNardi, left the Billing Department without clocking out. (Plaintiff Tr. [Burns Dec. Exh. D], pp. 388:2 – 391:19; H. DeNardi Tr. [Burns Dec. Exh. G], p. 72:15-18, p. 73:18-25). Sometime after her departure, Plaintiff clocked her daughter out by entering her daughter's code into the computer time clock program. (Plaintiff Tr. [Burns Dec. Exh. D], pp. 388:2 – 391:19). When Ms. Barkanyi confronted Plaintiff about clocking out her daughter, Plaintiff initially denied clocking out her daughter but, when pressed, she admitted to it. (Plaintiff Tr. [Burns Dec. Exh. D], pp. 388:2 – 391:19; Barkanyi Tr. [Burns Dec. Exh. E], p. 267:11-25, p. 290:15-22; Newton Tr. [Burns Dec. Exh. F], pp. 83:20 – 84:18). Subsequently, Ms. Barkanyi informed Mr. Newton of Plaintiff's conduct -- clocking out her daughter and lying about it. (Newton Tr. [Burns Dec. Exh. F], pp. 83:20 – 84:18; Barkanyi Tr. [Burns Dec. Exh. E], p. 290:15-22).

On May 8, 2006, Mr. Newton met with Plaintiff and Ms. Barkanyi. (Plaintiff Tr. [Burns Dec. Exh. D], p. 402:3-15, pp. 409:25 - 413:25; Newton Tr. [Burns Dec. Exh. F], pp. 107:25 - 108:12; Barkanyi Tr. [Burns Dec. Exh. E], p. 278:5-16). During this meeting, Plaintiff was informed that her employment was terminated. (*Id.*).

On August 16, 2006, Katina Collins was terminated by ISS due to her inability to correctly post payments and post hospital charges. (Burns Dec., Exh. J).

## III.    ARGUMENT

### POINT I

### STANDARD OF REVIEW

Although motions *in limine* are not specifically provided for in the Federal Rules of Civil Procedure, a district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*. *See Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 464 n.4 (1984); *see also Sanders v. Ritz-Carlton Hotel Co., LLC*, 2008 WL 4155635 *1 (S.D.N.Y. Sept. 9, 2008).[7] A motion *in limine* enables the Court to rule in advance of trial on the relevance of certain forecasted evidence and, thereby, avoid lengthy argument during trial and/or interruption of the trial. *See Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *see also Sanders*, 2008 WL 4155635 *1.

Evidence that is not relevant to the issues before the Court is not admissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

---

[7] A copy of *Sanders v. Ritz-Carlton Hotel Co., LLC*, 2008 WL 4155635 (S.D.N.Y. Sept. 9, 2008), is provided to the Court as Exhibit "M" to the accompanying Burns Declaration.

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* Fed. R. Evid. 403; *Dodson v. CBS Broadcasting Inc.,* 423 F.Supp.2d 331, 334 (S.D.N.Y. 2006).

**POINT II**

**PRECLUSION WARRANTED**
**OF CERTAIN PRETEXT EVIDENCE**

In this action, Plaintiff asserts that she was terminated because Defendants perceived her to be disabled. (Compl. ¶ 33). Defendants assert Plaintiff was terminated because she clocked her daughter out sometime after her daughter left the Billing Department of ISS and because when initially asked by her supervisor, Ms. Barkanyi, if she clocked her daughter out Plaintiff denied doing it. (Newton Tr. [Burns Dec. Exh. F], pp. 83:20 – 84:18, pp. 98:21 – 99:11; Chiseri Aff. [Burns Dec. Exh. L], Exh. K; Burns Dec., ¶ 3, Exh. C). As part of her effort to show this legitimate, non-discriminatory business reason for her termination is merely a pretext for discrimination, Defendants believe Plaintiff intends to introduce testimony and/or documentary evidence that an employee(s) of the Billing Department was not terminated for making racist and/or anti-Semitic comments and employee(s) with performance deficiencies were counseled before being terminated. Such evidence should be precluded, because these individuals were not similarly situated to Plaintiff.

More favorable treatment of other employees is only evidence of pretext if Plaintiff can show she was similarly situated in all material respects to the comparators. *Baldyga v. City of New Britain*, 554 F.Supp.2d 268, 277 (D.Conn. 2008). To be similarly situated in all material respects, Plaintiff must show the comparators were subject to the same standards governing performance evaluation and discipline and that these individuals engaged in conduct similar to

that of Plaintiff. *Baldyga*, 554 F.Supp.2d at 277; *see also Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89 (2d Cir. 1999). Yet, Plaintiff cannot establish either of these prongs.

The only evidence brought to light during discovery concerning discipline or the lack thereof of other employees in the Billing Department was deposition testimony by Ms. Barkanyi concerning Katina Collins and Carolyn Huyler and documents produced by Defendants in response to a letter from Plaintiff's counsel. (Barkanyi Tr. [Burns Dec. Exh. E], pp. 133:17 – 135:22, 138:15 -140:6, pp. 308:24 – 316:8; Burns Dec., Exhs. H, I, J, K). There is nothing in this deposition testimony or the documents produced to suggest that Ms. Collins or Ms. Huyler were supervisory employees in the Billing Department. (*Id.*). Yet, Plaintiff at the time of her termination and for approximately two (2) years prior thereto was the Billing Department lead, which is a supervisory position within the Billing Department. (Plaintiff Tr. [Burns Dec. Exh. D], p. 53:4-11; Barkanyi Tr. [Burns Dec. Exh. E], pp. 96:23 – 98:14). Nor is there any indication that Ms. Collins, Ms. Huyler and Plaintiff performed any of the same functions or job duties for the Billing Department. Thus, there is no basis to conclude that these individuals were similarly situated.

## A.    Preclusion Warranted of Evidence That Any Billing Department Employee Made Racist or Anti-Semitic Comments

There is also no basis to conclude that there is any similarity in the conduct between Plaintiff and Ms. Collins and Ms. Huyler. Ms. Huyler is alleged to have made racist and anti-Semitic comments at work. (Barkanyi Tr. [Burns Dec. Exh. E], pp. 314:20 – 316:8). But discovery has not revealed when Ms. Huyler purportedly made such comments, to whom she made them, whether she made them on one or more than one occasion or whether she was counseled with respect to making such comments. Accordingly, if the evidence concerning Ms. Huyler's purported comments is admitted, during the trial on Plaintiff's claims, the parties will

be forced to litigate these issues with regard to Ms. Huyler. There is no allegation that Plaintiff has been accused of making any inappropriate comments in the work place.

Rather, Defendants allege (and Plaintiff admits) that sometime after her daughter had left the Billing Department, Plaintiff clocked her daughter out using her daughter's code. (Plaintiff Tr. [Burns Dec. Exh. D], pp. 388:2 – 391:19). When confronted by Ms. Barkanyi as to whether she had clocked out her daughter, Plaintiff initially denied doing so. (Newton Tr. [Burns Dec. Exh. F], pp. 83:20 – 84:18, pp. 98:21 – 99:11; Chiseri Aff. [Burns Dec. Exh. L], Exh. K; Burns Dec., ¶ 3, Exh. C). All employees of ISS and DRA have been instructed to keep their code for the time clock program confidential and to clock only themselves in and out. (Chiseri Aff. [Burns Dec. Exh. L], ¶ 26). In fact, Plaintiff signed a Security and Confidentiality Agreement in which she explicitly agreed not to "log on to any of the Company's computer systems that currently exist or may exist in the future using a password other than her own." (Chiseri Aff. [Burns Dec. Exh. L], ¶ 27, Exh. H). Moreover, Plaintiff was one of the supervisors who reviewed, and corrected as needed, the weekly reports of the time clock punches of all employees in the Billing Department. (Plaintiff Tr. [Burns Dec. Exh. D], p. 130:6-11). Thus, Plaintiff certainly was aware of and familiar with this policy and the consequences of erroneous and/or inaccurate time clock records.

Violating company policies concerning using the time clock program and lying are not comparable to uttering racist or anti-Semitic remarks. Evidence concerning racist or anti-Semitic remarks by Ms. Huyler or any other unidentified employee of Defendants will not make it more or less probable that Plaintiff was terminated because she was perceived to be disabled by one or both of the Defendants. Thus, this evidence is not relevant and is, thereby, inadmissible. Even if this evidence was relevant, its limited probative value is far outweighed by the time that would

be devoted at trial to establish what statements were made, by whom, when and what, if anything, was done as result. There is also a risk that this evidence would unduly prejudice Defendants – they should not be found liable because the jury finds they were too lenient with regard to the statements purportedly made by Ms. Huyler or others.

**B.**    **Preclusion Warranted of Evidence That Any Billing Department Employee Was Counseled or Disciplined Due to Poor Performance**

Moreover, the documents produced make it evident that Ms. Collins was terminated due to her inability to post payments and to post charges. (Burns Dec., Exh. J). Likewise, Ms. Huyler was given a final notification that, if certain performance issues were not corrected, she would be terminated.    (Burns Dec., Exh. K). These performance issues related to Ms. Huyler's error rate when posting charges, working on old accounts after being told not to do so, changing patient insurance information rather than referring such changes to an insurance representative, financial class confusion, guarantor field issues and appropriate patient comments.    (*Id.*). This notice contained no warnings concerning the use of the time clock program or lying to superiors. (*Id.*).

Evidence concerning the performance deficiencies of Ms. Collins and Ms. Huyler or any other unidentified employee of Defendants will not make it more or less probable that Plaintiff was terminated because she was perceived to be disabled by one or both of the Defendants. Plaintiff was not formally counseled with regard to any performance issues. (Barkanyi Tr. [Burns Dec. Exh. E], p. 298:13-16). Certainly, assigning Plaintiff to operate the Cerner Interface shows there were no concerns with her ability to perform her job duties. (Plaintiff Tr. [Burns Dec. Exh. D], pp. 234:24 – 235:20; Barkanyi Tr. [Burns Dec. Exh. E], p. 193:9 – 195:19, pp. 196:25 – 197:12). The Cerner Interface is critical to Defendants. (Newton Tr. [Burns Dec. Exh.

F], p. 85: 4-22; Barkanyi Tr. [Burns Dec. Exh. E], p. 193:3-19; Chiseri Aff. ¶ 31). No services performed by DRA could be billed until the services were processed by the Cerner Interface. (Plaintiff Tr. [Burns Dec. Exh. D], p. 373:21-24; Chiseri Aff. [Burns Dec. Exh. L], ¶ 31). Thus, the evidence concerning counseling and disciplining employees of the Billing Department is not relevant and is, thereby, inadmissible.

Even if this evidence was relevant, its limited probative value is far outweighed by the time that would be devoted at trial to establish and explain the deficiencies in the performances of Ms. Collins and Ms. Huyler and the nature and frequency of the counseling provided to them before their employment by ISS ended.

## IV.    CONCLUSION

For the reasons set forth above, Defendants DRA Imaging, P.C. and Imaging Support Services, LLC respectfully request that the Court enter an Order, pursuant to Rules 402 and 403 of the Federal Rules of Evidence, precluding the admission of any testimony or documents concerning (1) anti-Semitic and/or racist comments purportedly made by any employee(s) of the Billing Department and (2) any counseling provided to or disciplinary action taken with regard to any employee of the Billing Department based upon performance deficiencies.

Dated:    White Plains, New York
          September 17, 2008

                              KEANE & BEANE, P.C.

                        By: _____
                              Lance H. Klein (LK 8243)
                              Stephanie L. Burns (SB 3467)
                              Attorneys for Defendants
                              445 Hamilton Avenue, 15th Floor
                              White Plains, New York 10601
                              (914) 946-4777

To:    Davida Perry, Esq.
       SCHWARTZ & PERRY, LLP
       295 Madison Avenue
       New York, New York  10071
       (212) 889-6565